

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,633-02

### EX PARTE JESUS MANUEL NAVARRETTE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A-36,468-B IN THE 70TH DISTRICT COURT FROM ECTOR COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### CONCURRING OPINION

Applicant was convicted in 2011 of two counts of aggravated sexual assault and sentenced to seventy-five years' imprisonment for each count, to run concurrently. The Eleventh Court of Appeals affirmed his convictions in 2014. *Navarrette v. State*, No. 11-11-00331-CR (Tex. App.—Eastland Feb. 21, 2014) (mem. op., not designated for publication).

In July 2021, Applicant filed an application for writ of habeas corpus in the county of conviction. In his application, he alleges that newly discovered evidence establishes his innocence, that the State withheld evidence, and that his trial counsel was ineffective. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2011, but this writ application was not filed until ten years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:     March 9, 2022
DO NOT PUBLISH

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).